UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MALIBU MEDIA, LLC,
    Plaintiff,

v.

JOHN DOE, subscriber assigned IP Address 71.235.113.149,
    Defendants.

No. 3:18-cv-00770 (VAB)

**ORDER ON MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA**

Malibu Media LLC ("Plaintiff" or "Malibu Media") alleges that John Doe ("Defendant"), identified only by his IP address, committed copyright infringement by distributing Plaintiff's copyrighted adult films using BitTorrent, a peer-to-peer file distribution network. ECF No. 1. Malibu Media moves under Fed R. Civ. P. 26(d)(1) for leave to serve a third-party subpoena on Defendant's internet service provider ("ISP") for the limited purpose of discovering Defendant's identity; only with Defendant's identity will Plaintiff be able to serve Defendant with process and proceed with this case. ECF No. 8.

For substantially the reasons set forth in Malibu Media's motion and supporting documents, the Court **GRANTS** the motion, having concluded that Malibu Media has established good cause for entry of this order.

Malibu Media acknowledges the concerns raised by many district courts around the nation[1] that, given the nature of the films allegedly distributed by defendants in the many

---

[1] Malibu Media has long been a prolific copyright litigant. *See generally* Gabe Friedman, *The Biggest Filer of Copyright Lawsuits? This Erotica Web Site*, THE NEW YORKER, May 14, 2014, *available at* http://www.newyorker.com/business/currency/the-biggest-filer-of-copyright-lawsuits-this-erotica-web-site; *see also Malibu Media, LLC v. Doe*, No. C 15-04441 WHA, 2016 WL 3383758, at \*3 (N.D. Cal.

1

essentially identical actions that Malibu Media has filed nationwide, the defendants may feel coerced to settle these suits merely to prevent public disclosure of their identifying information as part of court records. *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 15-cv-4369 (AKH), 2015 WL 4092417 (S.D.N.Y. July 6, 2015); *Malibu Media, LLC v. Doe*, No. 15-cv-1883 (LTS) (KNF), 2015 WL 1780965 (S.D.N.Y. April 10, 2015); *Malibu Media, LLC v. Doe*, No. 15-cv-4381 (JFK), 2015 WL 4923114 (S.D.N.Y., Aug. 18, 2015). The Court recognizes these concerns. This Order therefore is subject to the following conditions and limitations:

1. Plaintiff may subpoena Defendant's ISP only to obtain Defendant's name and address, but not Defendant's e-mail or telephone number. Plaintiff may only use Defendant's name and address, if obtained by Defendant's ISP, for the purposes of this litigation; Plaintiff is ordered not to disclose Defendant's name or address, or any other identifying information other than Defendant's ISP number, that Plaintiff may subsequently learn. Plaintiff shall not threaten to disclose any of Defendant's identifying information. Defendant will be permitted to litigate this case anonymously unless and until this Court orders otherwise and only after Defendant has had an opportunity to challenge the disclosure. Therefore, Plaintiff is ordered not to publicly file any of Defendant's identifying information and to file all documents containing Defendant's identifying information under seal.

2. Plaintiff may immediately serve a Rule 45 subpoena on Defendant's ISP to obtain Defendant's name and current and permanent address. Plaintiff is expressly not permitted to subpoena the ISP for Defendant's e-mail addresses or telephone numbers. Plaintiff shall serve Defendant's ISP with a copy of the complaint, this Order, and the subpoena.

3. After having been served with the subpoena, the ISP will delay producing to Plaintiff the subpoenaed information until after it has provided Defendant John Doe with:

    a. Notice that this suit has been filed naming Defendant as the one that allegedly downloaded copyright protected work;

    b. A copy of the subpoena, the Complaint filed in this lawsuit, and this Order; and

    c. Notice that the ISP will comply with the subpoena and produce to Plaintiff the information sought in the subpoena unless, within 60 days of service of the subpoena on Defendant by the ISP, Defendant files a motion to quash the subpoena or for other appropriate relief in this Court. If a timely motion to quash

---

June 20, 2016) ("The damages exposure in this case, as with Malibu Media's many other cases, is significant, so a defendant may feel pressure to settle even a meritless case. Coupled with the taboo nature of the subject matter, there remains potential for abuse.").

is filed, the ISP shall not produce the subpoenaed information until the Court acts on the motion.

4. Defendant's ISP will have 60 days from the date of service of the Rule 45 subpoena upon it to serve Defendant John Doe with a copy of the complaint, this Order, and the subpoena. The ISP may serve Defendant John Doe using any reasonable means, including written notice sent to his or her last known address, transmitted either by first class mail or via overnight service.

5. Defendant John Doe shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon him to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. The ISP may not turn over the identifying information of Defendant to Plaintiff before the expiration of this 60 day period. Additionally, if Defendant or the ISP files a motion to quash or modify the subpoena, or a request to litigate the subpoena anonymously, the ISP may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing the ISP to resume turning over the requested discovery.

6. Defendant's ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

7. Defendant's ISP shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. If Defendant's ISP receives a subpoena and elects to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

8. Any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its complaint.

SO ORDERED at Bridgeport, Connecticut, this 22nd day of August, 2018.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge